**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARLOS HIRALDO, Individually and as President of La Familia Motorcycles, et al., ) ) ) Plaintiffs, ) ) v. ) ) ) ) ) ) CITY OF CHICAGO, et al., ) ) Defendants. ) | Case No.: 08-CV-3369 Consolidated for all purposes with: Case No.: 09-CV-2615 Case No.: 10-CV-3167 Judge Robert M. Dow, Jr., |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs have sued the City of Chicago and several known and unknown Chicago Police Officers for violations of state and federal law stemming from an incident that occurred at the La Familia Motorcycle social club on May 30 and 31, 2008. This case has been consolidated for all purposes with two additional cases arising out of the May 2008 incident at La Familia: *Stavrou v. City of Chicago, et al.*, Case No. 09-cv-2615, and *McGlade v. City of Chicago*, Case No. 10-cv-3167. Defendants have moved for summary judgment on all counts in all cases. For the reasons set forth below, the Court grants Defendants' motion for summary judgment [199] in its entirety and dismisses all remaining claims asserted by Plaintiffs in each of the three cases.

**I.    Background**

   **A.    Statements of Material Fact**

Local Rule 56.1 requires that statements of fact contain allegations of material fact and that the factual allegations be supported by admissible record evidence. See L.R. 56.1; *Malec v. Sanford*, 191 F.R.D. at 583-85 (N.D. Ill. 2000). In this matter, Defendant filed a Local Rule

56.1(a) Statement of Material Facts. All of Plaintiffs' denials were made without citation to specific evidentiary materials justifying the denial—in other words, Plaintiffs objected to some of Defendants' fact statements, but did so without citing to any evidence to refute the fact or without attaching any documents to support the denial. Such denials are improper and insufficient to rebut a movant's factual allegations. See *Madonia v. BP Prods. N. Am.*, 2012 WL 13519, at *1 (N.D. Ill. Jan. 4, 2012) ("Such "objections," as Plaintiff styles them, with no evidentiary support are not sufficient to defeat summary judgment; rather, a nonmovant must support each denial with specific citations to the record or to supporting materials or affidavits that support their denial."); see also *McGuire v. UPS,* 152 F.3d 673, 675 (7th Cir. 1998) ("An answer that does not deny the allegations in the numbered paragraphs with citations to supporting evidence in the record constitutes an admission.") (internal citations omitted).

Furthermore, Plaintiffs did not file a Statement of Additional Undisputed Facts, choosing instead to rely on allegations from their complaints and facts set forth in the response briefs. This is problematic in multiple respects. First, an unverified complaint is not "proper evidentiary support." *Cf. Ford v. Wilson*, 90 F.3d 245, 246-47 (7th Cir. 1996) (reversing summary judgment for defendant where plaintiff had relied on a verified complaint as evidentiary support; a verified complaint "converted the complaint * * * into an affidavit"). Second, citing additional facts, without having submitted a statement of additional facts, is not helpful to the court (see *Ammons v. Aramark Uniform Services, Inc.,* 368 F.3d 809, 818 (7th Cir. 2004)), and is a practice that the Seventh Circuit repeatedly has criticized. Indeed, merely including facts in a responsive memorandum is insufficient to put the issue before the Court. *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1313 (7th Cir. 1995); *Malec v. Sanford*, 191 F.R.D. 581, 594 (N.D. Ill. 2000). As the Seventh Circuit has stressed, facts are to be set forth in Rule 56.1 statements, and it is not the

role of the Court to parse the parties' exhibits to construct the facts. Judges are not "like pigs, hunting for truffles buried in briefs." *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991). "Nor are they archaeologists searching for treasure." *Jeralds ex rel. Jeralds v. Astrue*, 2010 WL 4942161, at *7 (N.D. Ill. Dec. 8, 2010) (citing *DiLeonardi,* 181 F.3d 865, 867 (7th Cir. 1999)). It simply is not the court's job to sift through the record to find evidence to support a party's claim. *Davis v. Carter,* 452 F.3d 686, 692 (7th Cir. 2006). Rather, it is "[a]n advocate's job * * * to make it easy for the court to rule in his client's favor * * *." *Dal Pozzo v. Basic Machinery Co., Inc.,* 463 F.3d 609, 613 (7th Cir. 2006).

Plaintiffs accuse Defendants of "cherry picking" and including in their summary judgment materials only facts favorable to Defendants' arguments. What Plaintiffs seemingly fail to appreciate is that it is their burden to prove their claims, not Defendants'. As set forth explicitly in a recent Seventh Circuit decision, Plaintiffs misapprehend the nature of summary judgment and the parties' respective burdens at that juncture:

> A party that does not bear the burden of persuasion may move for summary judgment "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If, after an adequate opportunity for discovery, "the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court must enter summary judgment against her." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (emphasis in original) (citations omitted). This is not an onerous burden, yet "[d]espite the rudimentary nature of their task, parties served with summary judgment motions often misconceive what is required of them." *Id.* at 921. As this case aptly demonstrates, such misunderstandings can have harsh consequences for litigants.

*Modrowski v. Pigatto*, 712 F.3d 1166, at *1 (7th Cir. Apr. 8, 2013). The court of appeals further held that Rule 56 "does not require the moving party" – here, Defendants–"to 'support its motion with affidavits or other similar materials *negating* the opponent's claim.'" *Id.* at *2 (citing *Celotex*, 477 U.S. at 323 (emphasis in original)). Rather, the movant's initial burden "may be

3

discharged by 'showing' – that is, point out to the district court – that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. At that point, the nonmovant – here, Plaintiffs – must then "make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322. As both the Seventh Circuit and the Supreme Court have held, the nonmovant must "go beyond the pleadings" (*id.* at 324) to demonstrate that there is evidence "upon which a jury could proceed to find a verdict" in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Modrowski*, 712 F.3d at *2.

Here, Defendants have provided the Court with a plethora of evidence pointing out that they did not violate any of the Plaintiffs' constitutional rights and also have pointed to the absence of any evidence in support of Plaintiffs' theories. At that point, Plaintiffs were obliged to respond with actual evidence demonstrating that Defendants violated their constitutional rights. As the Seventh Circuit clearly reaffirmed in *Modrowski*, this was Plaintiffs' burden, not Defendants', yet Plaintiffs have completely dropped the ball by failing to cite any evidence in response to Defendants' statement of facts and failing to file a statement of additional facts. As previously noted, merely including facts in a responsive memorandum is insufficient.

Adherence to Local Rule 56.1 gives the opposing party the opportunity to either admit or deny the statement of fact, and to provide record support for either assertion. By not following the rule, a party injects facts into the case that have not been subject to the opposing side's scrutiny, nor presented to the court for its review. The Seventh Circuit repeatedly has held that a district court is within its discretion to strictly enforce compliance with its local rules regarding summary judgment motions and the Court will do so here. See *Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357, 359 (7th Cir. 2009); *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000). Because Plaintiffs failed to file their own Statement

of Additional Undisputed Facts and failed to cite contrary evidence in support of their denials of Defendants' fact statements, the Court admits the relevant facts from Defendant's Local Rule 56.1 Statement of Undisputed Material Facts. See *Brasic v. Heinemann's Bakeries, Inc., Inc.,* 121 F.3d 281, 284 (7th Cir. 1997); see also *Jupiter Aluminum Corp. v. Home Insurance Company,* 225 F.3d 868, 870-71 (7th Cir. 2000).

**B.     Facts**

*1.     Procedural History*

On October 2, 2008, Plaintiffs Carlos Hiraldo, Individually and as President of La Familia Motorcycles, Kip Whitaker, Lisette Chabolla, Veronica Montanez, Juan Gonzalez, Nicholas Castro, Jackie Wallace, Miosotis Batista, Soleida Flores, Luis Rodriguez, Filiberto Rodriguez, Eric Rodriguez, Sylvia Burgos, Delwin Sonera, Lavina Flores, Vanessa Roman, Sophia Colon, Alex Sierra, Sergio Sandoval and Bennett Gonzalez (collectively referred to as the "Hiraldo Plaintiffs") filed an amended complaint against the City of Chicago, Chicago Police Officers Darlin, Farrar, Hamilton, Bevenuti, Ozga, and Gibbelina, and various unknown officers, alleging that Plaintiffs' constitutional rights were violated under 42 U.S.C. 1983 and state law. Plaintiffs assert claims for unreasonable seizure (Count I), excessive force (Count II), illegal search (Counts III and IV), violation of substantive due process (Count V), *Monell* liability (Count VI), and state law respondeat superior (Count VII) and indemnification (Count VIII). Defendants answered, denying all material allegations and raising nine affirmative defenses.

On May 21, 2010, Plaintiff Maureen McGlade filed a complaint in Case No. 10-cv-3167 against the City of Chicago and unknown officers, alleging that her constitutional rights were violated under 42 U.S.C 1983 and state law. Plaintiff McGlade asserts claims for unreasonable seizure (Count I), excessive force (Count II), illegal search (Counts III), violation of substantive

5

due process (Count IV), *Monell* liability (Count V), and state law respondeat superior (Count VI) and indemnification (Count VII). Defendant City of Chicago answered the McGlade complaint, denying all material allegations and raising nine affirmative defenses. All "unknown officers" have all been dismissed from the McGlade matter for failure to effectuate service and the only remaining Defendant is the City of Chicago.

On April 29, 2009, Plaintiff Rosette Stavrou, after having dismissed herself from the Hiraldo matter in which she initially was a named plaintiff, refiled a complaint with new counsel against the same Defendants alleging that her constitutional rights were violated under 42 U.S.C. 1983 and alleging additional state law causes of action. Plaintiff Stavrou asserts claims for violation of Illinois constitutional rights (Count I), sexual assault and battery (Count II), assault (Counts III), false imprisonment (Count IV), intentional infliction of emotional distress (Count V), false arrest under § 1983 (Count VI), excessive force under § 1983 (Count VII), failure to intervene under § 1983 (Count VIII), respondeat superior (Count IX), and indemnification (Count X). Defendants have answered her complaint, denying all material allegations and raising nine affirmative defenses.

### 2. *Factual History*

La Familia Motorcycles was a private organization. La Familia Motorcycles paid $2000.00 in rent to Tommy Perez to use space at 2514 Fullerton, Chicago, Illinois. Only friends and family of La Familia were allowed into the social club. Members of the club could get in the front doors with an electronic key card. Non-members had to be "approved" to enter into the club. There were two entry doors to get into the social club; both were magnetically locked and both had to be opened one at a time by a person behind the bar after seeing the person's face on a

surveillance camera. There is no sign outside on Fullerton identifying the club to the public as La Familia Motorcycle club, and the club has no windows.

In their amended complaint, Plaintiffs allege that on May 30 and 31, 2008, Chicago police officers raided the social club and searched, battered, and unlawfully detained patrons. As previously set forth, Plaintiffs have not submitted a statement of additional facts or admissible evidence in support of any of the allegations in their complaints. In the statements of fact submitted by Defendants, none of the Plaintiffs claim that they were hurt or injured by the officers during the raid and none of the Plaintiffs sought medical or mental health treatment following the incident; and none of the Plaintiffs claim that they were assaulted, sexually or otherwise, by any of the officers.

Prior to the raid, Chicago police officer John Gibbelina obtained a search warrant for the premises. The complaint for search warrant identified a subject (Edwin Colon) to be located and a search of the premises (excepting the upper floor). The State's Attorney approved probable cause, at which time Officer Gibbelina brought his confidential informant to a judge, who signed off on the warrant on May 29, 2008.

Chicago police officer Bridget Herlehy testified that a Chicago Police Department (CPD) entry or "S.W.A.T." team did in fact conduct a raid on the club pursuant to the warrant on the night of May 30 and in the early morning hours of May 31, 2008. Upon entry, the S.W.A.T. team announced multiple times that they were law enforcement. Narcotics and an illegal, unregistered loaded 9 millimeter gun were found in the premises. Once everyone was handcuffed and secured, the police would run the patron's identification and let the person go as soon as the name checks came back as clear with no warrants. According to Officer Herlehy, she was on site for between one to two hours and her assignment was to search female patrons.

7

She searched female patrons under the wire of the bras but over the shirts and around the waist band of the pants/skirts. She did not zip tie any detainees the night at issue.

Officer Gibbelina was in plain clothes at the time of the execution of the warrant. When he first entered the club, he walked through the bar, recovered suspect cannabis, and then went downstairs into the basement. He did not see anyone searched. The only patron he identified was Carlos Hiraldo, who was the last patron on the scene and who, at that time, was uncuffed. During most of the raid, Hiraldo sat outside of the club in a squad car. At that time, he was cuffed. He never complained to any of the officers that his cuffs were too tight or visited a medical doctor or mental health care provider following this incident.

At the time that Chicago Police Lieutenant Darlin entered, there were only a couple patrons left in the premises. Chicago Police Officer Green-Farrar entered the club after all of the patrons had left the premises. Chicago Police Sergeant Hamilton also entered the premises after all of the patrons had left the premises, and his involvement was limited to searching the premises for traps and hidden compartments. Chicago Police Officer Ozga was the officer handling the K-9 unit. Officer Ozga entered the club after all of the patrons had left the premises. None of these officers had any involvement in the initial entry, zip tying, pat downs, or any other physical interactions with any of the patrons or Plaintiffs.

## II. Standard of Review

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Factual disputes that are irrelevant to the outcome of the suit "will not be counted." *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003) (quotation marks and citations omitted). In

determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted).

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

**III. Analysis**

    **A.**     **"Unknown Officers"**

As previously set forth, Plaintiffs' allegations stem from an incident that occurred on May 30 and May 31, 2008. The length of the limitations period for a § 1983 action is determined by reference to state law personal injury torts. *Owens v. Okure*, 488 U.S. 235, 240-41, 249-50 (1989) (quoting and clarifying *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). In

9

Illinois, the pertinent limitations provision requires a would-be plaintiff to bring suit within two years of a cause of action's accrual. 735 ILCS 5/13-202; *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). The limitations clock on an action brought pursuant to § 1983 for unlawful search and seizure or excessive force begins to run at the time the claimant was detained or injured. See *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1997) ("the statute of limitations on [plaintiff's false arrest and excessive force] claims began to run when he knew or should have known that his constitutional rights had been violated—the date of his arrest"); *Hudson v. Cassidy*, 2006 U.S. Dist. LEXIS 88653, at *13 (N.D. Ill. Dec. 5, 2006) (excessive force is immediately felt and an excessive force claim accrues immediately). For Plaintiffs, that means that the limitations period began to run on or about May 31, 2008. Far more than two years have passed since Plaintiffs' injuries accrued and thus Plaintiffs' claims as to the unknown officers are untimely.

Furthermore, the only reason that Plaintiffs have not named the individual officers is Plaintiffs' lack of knowledge about their names, not a mistake concerning their identity. The Seventh Circuit has "repeatedly reiterated that 'relation back' on grounds of 'mistake concerning the identity of the proper party' does not apply where the plaintiff simply lacks knowledge of the proper defendant." *Hall v. Norfolk Southern Ry. Co*, 469 F.3d 590, 595 (7th Cir. 2006). A plaintiff has the burden of determining who is liable for her injuries and of doing so before the statute of limitations runs out. *Hall*, 496 F.3d at 596; see also *Gavin v. AT&T Corp*., 2008 WL 400697, at *13 (N.D. Ill. February 12, 2008). Having failed to do so here, Plaintiffs claims against "unknown officers" are dismissed.

### B. Individual Defendant Officers Hamilton, Darlin, Green-Farrar, Ozga, Bevenuti, and Gibbelina

Plaintiffs have failed to come forward with any evidence to support their allegations that Defendants Hamilton, Darlin, Green-Farrar, Bevenuti, Ozga, and Gibbelina committed any of the federal or state law violations alleged by Plaintiffs in their complaints. In fact, the undisputed evidence demonstrates that these Defendants never came into contact with Plaintiffs. The undisputed evidence also demonstrates that the officers had a valid search warrant for the premises in question. Pursuant to that warrant, the officers had the authority to search the premises (subject to the language in the warrant), detain the occupants while the search was conducted, and conduct pat-down searches of the patrons detained. Plaintiffs have failed to come forward with any evidence that any of the officers' conduct ran afoul of the warrant or was unconstitutional. Similarly, Plaintiff Stavrou has wholly failed to put forth any evidence at summary judgment as to her state law claims of a sexual assault and battery, assault, false imprisonment, or intentional infliction of emotional distress. Therefore, all of Plaintiffs' claims as to the Individual Officer Defendants are dismissed.

### C. City of Chicago

Plaintiffs have failed to come forward with any admissible evidence supporting a *Monell* claim, a respondeat superior claim, or an indemnification claim against the City of Chicago. Therefore, these claims are dismissed.

**IV.     Conclusion**

For these reasons, the Court grants Defendants' motion for summary judgment [199] in its entirety and dismisses all remaining claims asserted by Plaintiffs in each of the three cases. Judgment will be entered in favor of Defendants and against all Plaintiffs on all counts in all three cases.

Dated:  July 9, 2013        _____
                            Robert M. Dow, Jr.
                            United States District Judge